UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CRAIG ANTHONY JORDAN, | : | **CIV. NO. 19-15601 (RMB-AMD)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| NEW JERSEY DEP'T OF CORR., | : | |
| Defendant | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Craig Anthony Jordan ("Plaintiff"), presently confined in a halfway house, Talbot Hall in Kearny, New Jersey, filed a civil rights complaint on July 18, 2019. (Compl., ECF No. 1.) Plaintiff applied to proceed *in forma pauperis* under 28 U.S.C. § 1915 (IFP App., ECF No. 1-5 and 1-6). His application establishes his financial ability to proceed without prepayment of the filing fee and is granted.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the amended complaint without prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges the following facts in support of his complaint. On November 11, 2018, Plaintiff was transferred by bus from the Camden County Jail to the Central Reception Assignment Facility ("CRAF.") (Compl., ECF No. 1, ¶IIIC.) Plaintiff's hands and ankles were shackled. (Id.) The bus hit a pothole at high

3

speed. (Compl., ECF No. 1, ¶IIIC.) There were no seat belts on the bus, and because Plaintiff was shackled he could not brace his fall. (Compl., ECF No. 1, ¶IIIC.) He suffered injuries on the left side of his body. (Id., ¶IV.) Plaintiff brought this action under 42 U.S.C. § 1983 against the New Jersey Department of Corrections.[1]

B.  Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v.

---

[1] Plaintiff accuses defendant of negligence. (Compl., ECF No. 1, ¶IIIC.) If Plaintiff is attempting to bring a negligence claim, it must be filed in state court under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*, absent a federal claim in this Court which may provide supplemental jurisdiction over a state court claim. See 28 U.S.C. § 1367.

4

Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars such suits against a State unless the State has waived its immunity or Congress has exercised its power to override that immunity. Id. at 2309-10. Congress, in passing § 1983, did not disturb the States' sovereign immunity. Id. at 2310. Suits against state agencies or departments are also proscribed by the Eleventh Amendment. Pennhurst v. State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The New Jersey Department of Corrections is a state agency entitled to immunity. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 224 n.9 (3d Cir. 2015).

III. CONCLUSION

The Court will dismiss the complaint based on sovereign immunity but dismissal is without prejudice to Plaintiff filing on amended complaint, if Plaintiff can state a claim against another defendant.

An appropriate order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

**DATE: October 7, 2019**