**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| CRAIG ANTHONY JORDAN, : | **CIV. NO. 19-15601 (RMB-AMD)** |
| Plaintiff : |  |
| v. : | **OPINION** |
| COMMISSIONER OF THE NEW : JERSEY DEP'T OF CORR., : |  |
| Defendant : |  |

**BUMB**, DISTRICT JUDGE

Plaintiff Craig Anthony Jordan ("Plaintiff"), previously granted *in forma pauperis* status, now brings an Amended Complaint against the Commissioner of the New Jersey Dep't of Corrections. (Am. Compl., ECF No. 7.) Plaintiff has also filed a motion for appointment of pro bono counsel. (Mot. to Appoint Counsel, ECF No. 8.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the Amended Complaint with prejudice for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Amended Complaint

Plaintiff alleges the following facts in support of his Amended Complaint. Plaintiff was transported from county jail to state prison based on a parole violation. (Am. Compl., ECF No. 7.) During the transport, his hands and feet were shackled and he was

not provided with a seat belt. (Am. Compl., ECF No. 7.) When the bus hit a pothole, he was injured. (Compl., ECF No. 1.)

B. <u>Section 1983 Claims</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

The Due Process Clause of the Fourteenth Amendment is violated when a pretrial detainee is subjected to punishment that is not reasonably related to a legitimate governmental objective. <u>Hubbard v. Taylor</u>, 538 F.3d 229, 236 (3d Cir. 2008). Under the Eighth Amendment, "a prison official may be held liable . . . for denying

4

humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff asserts his claim, as a person accused of a parole violation, under the Fourteenth Amendment. It appears, however, that Plaintiff was found to have violated his parole as he was transported to prison, making him a convicted prisoner whose claims fall under the Eighth Amendment. In any event, Plaintiff's claim fails under either standard.

"[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments." Jabbar v. Fischer, 683 F.3d 54, 58 (2d Cir. 2012) (citing Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 907 (8th Cir. 1999) (finding legitimate penological interest in using transportation without seat belts because seat belts can be used to harm self or others) and Smith v. Sec'y For Dep't of Corr., 252 F. App'x 301, 304 (11th Cir. 2007) (riding in a van without seat belts does not pose such a substantial risk to safety that that modern society would find intolerable.))

Plaintiff also asserts the failure to provide him with a seat belt violates the Equal Protection Clause because the general population (non-detainees or prisoners) has access to seat belts.

5

The Equal Protection Clause of the Fourteenth Amendment generally directs that all similarly situated people are treated equally. City of Cleburne Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "If no fundamental rights or suspect categories are at issue, '[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.'" Id. at 440 (quoting St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 637–38 (7th Cir. 2007).

Because prisoners are not a suspect class, they may be treated differently than others for reasons rationally related to a legitimate state interest. Williams v. Sec. Pennsylvania Dep't of Corr., 566 F. App'x 113, 116 (3d Cir. 2014); see Frontiero v. Richardson, 411 U.S. 677, 682-88 (1973) (defining constitutionally suspect class). Because a seat belt could be used to break handcuffs or otherwise be used as a weapon, there is a legitimate state interest in transporting pretrial detainees and prisoners in a vehicle without seat belts. See Reynolds v. U.S., No. 4:04cv95/RV/EMT, 2006 WL 5400338, at *3 (N.D. Fla. Jan 30, 2006) (describing safety risk seat belts posed to U.S. Marshals transporting prisoners). Therefore, Plaintiff's Equal Protection Claim also fails.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the Amended Complaint with prejudice.

An appropriate order follows.

DATE:  January 31, 2020                    s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**